Judge Owsley
delivered the opinion cf the court.
In November, 180D, Archibald Bedford exhibited his bill against Duly, to foreclose the equity of redemption rn a tract of land, mortgaged to secure the payment of $800.
The process having been made returnable to the November term 1809, and no appearance having been entered for Duly, an order of publication ivas then made against him, as an absent defendant.
The order of publication having been duly executed, and Duly still failing to appear, an order was made at the May term, 1810, taking the bill for confessed, and an interlocutory decree entered, giving day, for payment of principal and interest due on the mortgage, until the first of August *221 then next ensuing, and that on failure the equity of redemption should be foreclosed, &c. -
The money not having been paid, at the August term, a sale of the mortgaged estate was ordered, and John L. Hickman, &c. or any two, were appointed to sell, &c. and Hickman was also appointed commissioner to convey the estate to the purchaser.
The sale was accordingly made by two of the commissioners, and report duly made to court of Bedford being the purchaser, at the price of $750.
' Subsequent to this, Archibald Bedford, the mortgagee, and Hickman, the commissioner, by a joint deed conveyed the estate purchased by Archibald, to Benjamin Bedford, and that deed was duly recorded.
Some time after this, the balance of Bedford’s demand upon the mortgage still remaining unpaid, he exhibited his bill for the purpose of reviving and having execution for what remained due, and the subpcepa having been served upon Duly, at a subsequent term, he was allowed toiSie his answer, purporting not only to answer the bill of revivor áud original bill, but vyas also in the nature of a cross bill, setting forth various reasons why he should be permitted to redeem and be restored to the mortgaged estate; and upon his petition, the decree of foreclosure was, by order of the court, opened for further investigation.
The answer thus exhibited in the nature of a cross bill, was also answered by Bedford, and after the cause was fully prepared, it came on to be finally heard, as well upon the bill of Bedford, as the cross bill of Duly; and although the court below were satisfied with the justice of Bedford’s demand, yef. as from the exhibits in the cause, he appears to have sold the land purchased by him under the decree of foreclosure, for $950, that court, by its decree, made Bed-ford account for the amount for which he sold the land; but supposing the- land could not be reached in the hands of Bedford’s alienee, and perceiving that Bedford by being thus chargable for tile price of the land, had received more than was justly due him on the mortgage, ordered him to pay to Duly $72, with interest.
To this decree, (each party being dissatisfied) has respectively prosecuted writs of error.
As the assignment of error on the part of Duly, question’s the regularity of the original decree, as well as that last ¿pronounced, it is proper we should first notice the objections *222 taken to the proceedings under which the land was . sold,
frto ⅛ f bill for con" fessed at the term to which isVarned to appear.
But if the at^lr-t^erm be imeriocu-tory only, it Wll\„n”j 4be that cause alone.
It ⅛ irregu-vey" '(where the tine re-s-s tee''Vith-ui givui^ a dfty to the ahsen-tee; but >n ITVR’ i Qf"* STUS the tnie is’in the mo: pee, and no gCypn-1^ V
It is first objected, that the bill was improperly taken for confessed, and an interlocutory decree entered at the tena to which Duly, by the order of publication, was warned to appear.
Under the laws regulating the proceedings against ab-sea* defendants, as the complainant is required to proceed 'n the same manner upon publication against the absent defendants as if process were executed, it was certainly not strictly regular, for the court, at the first term after publi-cat)on> to allow the bill of Bedford to be taken for confes-sect, and if the decree then made had been final, it might, no doubt, for that irregularity, have been set aside.
But, as this court possesses no revising cognizance over interlocutory orders of other courts, it would be improper, if the final decree is otherwise correct, and was pronounced at a time when the cause could have been rep-ularly heard, to reverse the decree, merely for an error in “}e interlocutory decree,
Abstracting, therefore, from the consideration of this cause, every order made at the first term after publication, no reason is perceived for setting aside the final decree. For, although in that point of view, there would be nothing in the cause shewing the bill had been taken for confessed, yet as the exhibits filed illustrated, beyond doubt, the justice of the complainant’s demand, it ivas certainly proper, as the time had then elapsed upon which the cause might be heard, to make a decree foreclosing the defendant’s equity of redemption in the mortgaged estates, and directing a sale for the purpose of satisfying the complainant’s lien.
But it is again objected, that the decree of sale is erro-neons, in appointing a commissioner to convey the land sold to the'purchaser; without a day having been first given for the absent defendant to make the conveyance; but if the commissioner was properly directed to convey, it is tnore-over objected, that the conveyance was improperly made to Benjamin, instead of the purchaser, Archibald Bedford,
Where the legal title resides in an absent defendant, it ta t i !S certainly proper, that a day should be given hifri'taxon-before commissioners are appointed to do sc; but in the present case, as the legal title was transferred to Bed.ford by the deed of mortgage, no conveyance from tluiy was necessary to pass the title to the purchaser, and, con *223 sequently, it cannot have been error not to give him a day to do that, which was totally unnecessary for him to do, and which, if done, could produce no effect whatever.
On opening a decree had ,f„tdrft"and rehearing the cause, regard j.® f¾? creej&ifthat decree gives ¡-ig-ht, the decree and all things dene s;‘loui¿ re* main unalter» e<i.
If then we are correct in supposing that no conveyance by Duly was necessary, it results that it cannot be material to the present contest, whether the commissioner conveyed to the purchaser or his alienee; for if made by Duly, the' deed would have been inoperative; so as made by the commissioner, as it purports to convey the interest of Duly only, it can have no greater effect. Supposing then, that the de - cree first rendered, and the proceedings had thereon, to be liable to no substantial objection, it follows, that unless for some reason growing out of the answer of Duly made in the nature of across bill,'a different result be produced, Bedford should have had a decree in his favor, reviving that which was first pronounced upon the original bill.
But it is contended that, as upon filing his answer, the first decree was opened Cor further investigation, under the law regulating proceedings against absent defendants, such a decree should have been finally made as though no decree had been pronounced upon the original bill, and hence it is contended, that as Duly offers to do so, he ought to have been allowed to redeem, and upon that being done, restored to the land which had been sold under the decree first pronounced against him.
In giving an exposition to the act alluded to, it is proper to remark, that it is not the first, second and third sections, but the fourth (1 Littell, 593,) that applies to the present case; and according to that section, although as vhe ah-sentee is allowed to appear and answer the bill, it might be proper in the further consideration of the complainant’s right tci relief, to decide upon it as though no decree had ever been made, yet as the court is required to make such a decree as may be equitable, in pronouncing their final and ultimate decree, the situation of the parties as produced by the first decree, certainly ought not to be altogether disregarded by the court; and- if not, as Bedford, as has been already shewn, not only purchased the land at a fair sale, and under a regular decree, but as he is moreover now shewn to have been justly entitled to the decree then made, he ought not to be compelled to surrender the title to Duly.
Nor do we suppose that Bedford should be compelled to account to Duly for any profit which he may have gained by the subsequent sale of the land; for, as by the purchase, *224 he became justly invested with all Duly’s interest, upon no Pr*nc*pie °f equity Can the sale of Bedford, thereafter made, either authorise á decree against him for the land, or compel him to account for its price. As, therefore, Bedford has shewn the decree first rendered not only to have been regularly obtained, but as that decree is moreover, upon the further preparation of the cause, proven to be just, Bed-ford, without being made accountable for the price for which he sold the land, after allowing all just credits in fa* Tor of Duly, ought to have had a decree reviving the decree first pronounced in his favor, for the residue of his demand.
Hughes for Duly, Bibb for Bedford.
The decree of the court below, therefore, must be reversed, and the cause remanded for a decree to be entered according to this opinion.
Duly must pay the cost of both writs of error.